UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MERRY CHARTERS, LLC and<br>CARL SHILLO | : <br> : <br> : | NO.: 3:02CV336 (MRK) |
| v. | : <br> : | |
| TOWN OF STONINGTON, STONINGTON<br>PLANNING & ZONING COMMISSION<br>ZONING BOARD OF APPEALS OF THE<br>TOWN OF STONINGTON, EDWARD T.<br>SULLIVAN and GEORGE THAYER | : <br> : <br> : <br> : <br> : | <br><br><br><br>JANUARY 23, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO SECOND AMENDED COMPLAINT

**COUNT ONE:**

    1.    As to paragraphs 1, 9 and 12, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to its burden of proof.

    2.    Paragraphs 2, 3 and 4 are admitted.

    3.    As to paragraph 5, it is admitted that the plaintiff operated a tour boat business on the Mystic River in the summer of 2000 without a special permit, in violation of the zoning regulations of the Town of Stonington. It is denied that the dock is a "commercial dock." As the remainder of paragraph 5,

these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to its burden of proof.

    4.    As to that portion of paragraph 6 which states, "On or about July 27, 2000, Merry Charters received a Notice of Violation from Larkin directing Merry Charters to discontinue its use of the above-referenced dock until such time as all required permits were obtained," is admitted.  As to the remainder of paragraph 6, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to its burden of proof.

    5.    As to paragraph 7, it is admitted that the plaintiff submitted application for a special use permit to the Planning and Zoning Commission, which was denied without prejudice October 18, 2000.  As to the remainder of paragraph 7, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to their burden of proof.

    6.    As to paragraph 8, it is admitted that after due consideration, the Planning and Zoning Commission denied the October 2000 application because

the plaintiff did not comply with the zoning regulations of the Town of Stonington, among other reasons, and the text of Section 7.10.2 can be found in the regulations. As to the remainder of paragraph 8, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to their burden of proof.

      7.      As to paragraph 10, it is admitted that the plaintiff submitted an application number PZ0063SUP for a special permit to operate a tour boat on the Mystic River and that after due consideration, the application was denied by the Planning and Zoning Commission on May 15, 2001 for failure to provide adequate parking, among other reasons. As to the remainder of paragraph 10, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to their burden of proof.

      8.      As to paragraph 11, it is admitted that the Planning and Zoning Commission, prior to the plaintiff's application for a special use permit, granted applications for special use permits. The defendants deny any of the plaintiff's rights were violated by denying his application. As to the remainder of paragraph

11, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to their burden of proof.

    9.    As to paragraph 13, it is denied that the defendants have violated the plaintiff's rights by denying the special use permit.  As to the remainder of paragraph 13, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to their burden of proof.

    10.    Paragraphs 14, 15, 16, 17 and 18 are denied.

**COUNT TWO:**

    1.    The answer to paragraph 1 of the First Count, is hereby incorporated and made the answer to paragraph 1 of the Second Count, as if fully set forth herein.

    2.    Paragraphs 2, 3 and 4 are admitted.

    3.    Paragraphs 5, 6, 7, 8 and 9 are denied.

**COUNT THREE:**

    1.    The answer to paragraph 1 of the First Count, is hereby incorporated and made the answer to paragraph 1 of the Third Count, as if fully set forth herein.

    2.    Paragraphs 2 and 3 are admitted.

    3.    Paragraphs 4, 5, 6, 7, 8 and 9 are denied.

**COUNT FOUR:**

    1.    The answers to paragraph 1 through 14 of the First Count, are hereby incorporated and made the answers to paragraphs 1 through 14 of the Fourth Count, as if fully set forth herein.

    2.    The answers to paragraphs 2 through 4 of the Second Count are hereby incorporated and made the answers to paragraphs 15 through 17 of the Fourth Count as if fully set forth herein.

    3.    The answers to paragraphs 2 through 6 of the Third Count are hereby incorporated and made the answers to paragraphs 18 through 22 of the Fourth Count as if fully set forth herein.

    4.    As to paragraph 23, it is denied that the defendants have violated the plaintiff's rights by denying the special use permit. As to the remainder of paragraph 23, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to their burden of proof.

    5.    Paragraphs 24 and 25 are denied.

**COUNT FIVE:**

1. The answers to paragraph 1 through 14 of the First Count, are hereby incorporated and made the answers to paragraphs 1 through 14 of the Fifth Count, as if fully set forth herein.

2. The answers to paragraphs 1 through 9 of the Second Count are hereby incorporated and made the answers to paragraphs 15 through 24 of the Fifth Count as if fully set forth herein.

3. The answers to paragraphs 1 through 9 of the Third Count are hereby incorporated and made the answers to paragraphs 25 through 34 of the Fifth Count as if fully set forth herein.

4. The answers to paragraphs 1 through 25 of the Fourth Count are hereby incorporated and made the answers to paragraphs 35 through 60 of the Fifth Count as if fully set forth herein.

5. Paragraphs 61 and 62 are admitted.

6. As to paragraphs 63, 64 and 67, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

7. That portion of paragraph 65 which states: "Since the Defendants improperly denied Merry Charters' application for a variance" is denied. As to the

remainder of paragraph 65, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to its burden of proof.

8.  That portion of paragraph 66 which states: "As a result," is denied. As to the remainder of paragraph 66, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to its burden of proof.

9.  Paragraphs 68, 69 and 70 are denied.

## AFFIRMATIVE DEFENSES

**Affirmative Defense as to Count One:**

Plaintiffs have failed to state a cause of action upon which relief can be granted.

**Affirmative Defense as to Count Two:**

Plaintiffs have failed to state a cause of action upon which relief can be granted.

**First Affirmative Defense as to Count Three:**

Plaintiffs have failed to state a cause of action upon which relief can be granted.

**Second Affirmative Defense as to Count Three:**

The plaintiffs' claims are barred by the Doctrine of Absolute Immunity.

**Third Affirmative Defense as to Count Three:**

The plaintiffs' claims are barred by the Doctrine of Qualified Immunity.

**Fourth Affirmative Defense as to Count Three:**

The plaintiffs' claims are barred by the applicable statute of limitations, C.G.S. § 52-584.

**First Affirmative Defense as to Count Four:**

Plaintiffs have failed to state a cause of action upon which relief can be granted.

**Second Affirmative Defense as to Count Four:**

The plaintiffs' claims are barred by the Doctrine of Absolute Immunity.

**Third Affirmative Defense as to Count Four:**

The plaintiffs' claims are barred by the Doctrine of Qualified Immunity.

**Fourth Affirmative Defense as to Count Four:**

The plaintiffs' claims are barred by the applicable statute of limitations, C.G.S. § 52-584.

**First Affirmative Defense as to Count Five:**

Plaintiffs have failed to state a cause of action upon which relief can be granted.

**Second Affirmative Defense as to Count Five:**

The plaintiffs' claims are barred by the Doctrine of Absolute Immunity.

**Third Affirmative Defense as to Count Five:**

The plaintiffs' claims are barred by the Doctrine of Qualified Immunity.

**Fourth Affirmative Defense as to Count Five:**

The plaintiffs' claims are barred by the applicable statute of limitations, C.G.S. § 52-584.

**Fifth Affirmative Defense as to Count Five:**

The plaintiffs' claims are barred by the Doctrine of Governmental Immunity pursuant to both common law and Conn. Gen. Stat. §52-557n.

DEFENDANTS,
TOWN OF STONINGTON,
STONINGTON PLANNING &
ZONING COMMISSION, TOWN OF
STONINGTON ZONING BOARD OF
APPEALS, EDWARD SULLIVAN and
GEROGE THAYER


By_____
  Melinda A. Powell
  ct 17049
  mpowell@hl-law.com
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 522-9549

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 23rd day of January, 2004.

Frank J. Szilagyi, Esquire
Josphine A. Spinella, Esquire
Silvester & Daly
72 Russ Street
Hartford, CT  06106

                                            _____
                                            Melinda A. Powell