UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MERRY CHARTERS, LLC and CARL SHILLO** | : | **CASE NO. 3:02cv366(MRK)** |
| **vs.** | : | |
| **TOWN OF STONINGTON, PLANNING & ZONING COMMISSION, ZONING BOARD OF APPEALS OF THE TOWN OF STONINGTON, EDWARD T. SULLIVAN And GEORGE THAYER** | : | **MARCH 8, 2004** |

FILED
MAR 9 3 45 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

**OBJECTION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS BY STEVEN SABO, A NON-PARTY WITNESS, AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA**

The Mohegan Tribal Gaming Authority (hereinafter "MTGA" or "Authority"), through its undersigned counsel acting by and for the MTGA and its representative, non-party witness Steven Sabo, hereby submits its memorandum of law in objection to Defendants' motion to compel the deposition and production of documents by Mr. Sabo and in support of its motion to quash the subpoena served upon it by Defendants Town of Stonington, Stonington Planning & Zoning Committee, Zoning Board of Appeals of the Town of Stonington, Edward T. Sullivan and George Thayer

(Defendants) in the above-captioned action. (A copy of the subpoena is attached hereto as **Exhibit A** and is hereinafter referenced as the "Subpoena").

The Subpoena purports to command Mr. Sabo, in his capacity as Director of Bus Marketing, Mohegan Sun Casino, to appear at a deposition. Although the subpoena does not specifically request the production of Mohegan Sun documents, Defendants' motion to compel indicates that they seek such documents.

Mohegan Sun is the business name of the Mohegan Tribal Gaming Authority, which is a governmental arm of the Mohegan Tribe of Indians of Connecticut. The MTGA may not be required to comply with the Subpoena because it is a sovereign Indian tribal entity and it has not waived its sovereign immunity and consented to either suit or to service of process in connection with the above-captioned action.

**ARGUMENT**

**1. The Mohegan Tribe Of Indians of Connecticut Is a Federally-Recognized Tribe Immune From Unconsented Suit.**

The Mohegan Tribe of Indians of Connecticut (the "Mohegan Tribe"), which established the MTGA, is a federally recognized Indian tribe. *See* Mohegan Land Claims Settlement Act, 25 U.S. C. § 1775(a) *et seq*; *see also* 59

***Rome McGuigan Sabanosh, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Fed. Reg. 12, 140-41 (1994) as modified by 59 Fed. Reg. 37144. (final determination that the Mohegan Indian Tribe of Connecticut does exist as an Indian Tribe); *see also*, Kizis v. Morse Diesel Intern., Inc., 260 Conn. 46, 55, 794 A.2d 498, (Conn. 2002)(Mohegan Tribe is recognized by an act of Congress and by the state of Connecticut).

The Mohegan Tribe, as a federally-recognized tribe, is a sovereign entity and immune from unconsented suit. Native American Mohegans v. United States, 184 F.Supp. 2d 198 (D.Conn. 2002). "It is by now well established that Indian tribes possess the common-law immunity from suit traditionally enjoyed by sovereign powers. *See, e.g.,* Oklahoma Tax Comm. v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991); United States v. United States Fidelity & Guar. Co., 309 U.S. 506, 512 (1940)." Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 356 (2d Cir. 2000).

This immunity arises from the long-standing recognition of Indian tribes as "domestic dependent nations" which "exercise inherent sovereign authority over their members and territories," Oklahoma Tax Comm. v. Citizen Band Potawatomi Indian Tribe, *supra*; Worcester v. Georgia, 31 U.S. (6 Pet.) 515 (1832), and has been recognized as predating the United States Constitution. United

***Rome McGuigan Sabanosh, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

States v. United States Fidelity & Guaranty Co., *supra* at 512-13. The continued recognition of tribal sovereignty promotes and protects the federal policies of tribal self-determination, economic development, and cultural and political autonomy. *See* California v. Cabazon Band of Mission Indians, 480 U.S. 202 (1987); *see, generally,* Felix S. Cohen, Handbook of Federal Indian Law, 324-28 (1982). "[I]n the absence of federal authorization, tribal immunity, like all aspects of tribal sovereignty, is privileged from diminution by the states." Three Affiliated Tribes v. Wold Engineering, 476 U.S. 877, 890 (1986); *see* Kiowa Tribe v. Manufacturing Technologies, Inc., 523 U.S. 751, 756 (1998).

**2. The MTGA Is Cloaked With The Sovereign Immunity Of The Tribe.**

The Mohegan Tribe has established the MTGA as a governmental entity to operate the Mohegan Sun Casino.

> The tribe created the authority to facilitate and act as the governmental entity responsible for managing all aspects of the tribe's gaming enterprises. This was accomplished under the authority of Article XIII, § 1, of the Constitution of the Mohegan Tribe of Indians of Connecticut, which provides in relevant part: "Creation of Gaming Authority. All governmental and proprietary powers of The Mohegan Tribe over the development, construction, operation, promotion, financing, regulation and licensing of gaming, and any associated hotel, associated resort or associated entertainment facilities, on tribal lands (collectively, 'Gaming') shall be exercised by the Tribal Gaming Authority, provided that such powers shall be within the scope of authority delegated by the Tribal Council to the Tribal Gaming Authority under the ordinance

***Rome McGuigan Sabanosh, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

establishing the Tribal Gaming Authority...."

Kizis, *supra,* 260 Conn. at 48, n.1. *See also,* Mohegan Tribe of Indians of Connecticut v. Mohegan Tribe and Nation, Inc., 255 Conn. 358, 769 A.2d 34, (Conn. 2001)(noting that Mohegan Tribe owns and operates Mohegan Sun Casino).

The MTGA is cloaked with the sovereign immunity of the Mohegan Tribe. Kizis, *supra*, 260 Conn. at 58; Mincewicz v. Mohegan Sun, Case No. 300 CV 1505, Feb. 19, 2002 (D.Conn.)(Defendant Mohegan Sun, trade name for MTGA, is immune from unconsented suit). Thus, any claim or process against the MTGA will be barred to the same extent as if brought against the Mohegan Tribe itself.

**3. Immunity Extends to Authorized Tribal Representatives.**

The Subpoena is directed to Steven Sabo, an individual, in his capacity as Director of Bus Marketing for Mohegan Sun, and Defendants apparently aim at obtaining Mohegan Sun business documents. It is clear that Mr. Sabo's testimony, and any related documents, are sought in his capacity as an official representative of the MTGA. Therefore, the real target is the MTGA itself, and sovereign immunity bars the discovery.

***Rome McGuigan Sabanosh, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

"Tribal immunity does extend . . . to tribal officials when acting in their official capacity and within the scope of their authority." Catskill Development LLC. v. Park Place Entertainment Corp., U.S.D.Ct. S.D.N.Y., 206 F.R.D. 78 (2002); *accord*, Kizis, *supra*, 260 Conn. at 58.

**4. Tribal Sovereign Immunity Bars Enforcement Of Judicial Discovery Process.**

The doctrine of tribal sovereign immunity is a bar to enforcement of the judicial discovery process to the same extent that it is a bar to imposition of liability. Catskill Development, *supra*. The Catskill court applied the rule established in U.S. Environmental Protection Agency v. General Electric Co., 197 F.3d 592 (2d Cir. 1999) *vacated in part on other grounds*, 212 F.3d 689 (2000), which held that the sovereign immunity of the United States government applied to non-party subpoenas in a civil case. The Catskill court observed: "The same rule should apply here, since Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." 206 F.R.D. at 87 (internal quotations and citations omitted).

Here, Defendants seek to enforce a subpoena against a non-party sovereign tribal entity, thereby seeking to compel the sovereign to act by



***Rome McGuigan Sabanosh, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

producing its internal documents and to produce its official representative for examination. Absent a clear and unequivocal waiver of the MTGA's sovereign immunity, the subpoena may not be enforced.

**5. The MTGA Has Not Waived Its Immunity From Defendant's Process.**

In their Motion to Compel, Defendants correctly cite Catskill Development for the proposition that "subpoenas to the non-party fact witnesses were unenforceable absent waiver of the [tribal sovereign] immunity." *Defendant's Memorandum at 6.* However, Defendants then argue that "by entering into an agreement with the plaintiff, Mohegan Sun has waived its immunity from discovery in a federal action which concerns that relationship." *Id.*

"It is settled that a waiver of [an Indian tribe's] sovereign immunity cannot be implied, but must be unequivocally expressed." Santa Clara Pueblo, 436 U.S. 49 at 58 (1978)(quoting United States v. Testan, 424 U.S. 392, 399 (1976)). "Like the United States, an Indian tribe can consent to suit, but 'such consent must be unequivocally indicated.'" Chemehuevi Indian Tribe v. California State Bd. of Equalization, 757 F.2d 1047, 1052-1053 (9th Cir. 1985), rev'd on other grounds, 474 U.S. 9 (1985). "To abrogate tribal immunity,

***Rome McGuigan Sabanosh, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Congress must 'unequivocally' express that purpose . . ..Similarly, to relinquish its immunity, a tribe's waiver must be 'clear.'" C&L Enterprises, Inc., v Potawatomi Indians, 532 U.S. 411, 412 (2001). Accord, State of Rhode Island, v. Narragansett Indian Tribe, 19 F.3d 685 (1st Cir.), cert. denied, 513 U.S. 919 (1994); Ransom v. St. Regis Mohawk Educ. and Community Fund, Inc., 86 N.Y.2d 553, 558 (1995).

Defendants do not point to any clear or unequivocal waiver language that supports their assertion that either the Mohegan Tribe or the MTGA has waived immunity. Indeed, Defendants claim that "Plaintiff in this case testified that there was no written agreement with the casino . . .." *Defendants' Memo at 6.* By contrast, the Catskill Development court pointed to explicit written contractual language waiving the non-party's sovereign immunity so as to permit "full litigation of disputes arising under or out of the Agreement" with which the defendant allegedly tortiously interfered. 206 F.R.D. at 89.

There is not even an allegation in Defendants' pleadings that explicit contractual language waives the MTGA's immunity, let alone an exhibit tending to show the existence of such language. At best, Defendants are contending that the Court might infer the existence of a waiver. But no such inference

**Rome McGuigan Sabanosh, P.C.** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

may reasonably be drawn from the materials Defendants have presented; and even if the Court were to draw such an inference, it could not use that inference as the foundation for an effective waiver, since waivers must be expressed unequivocally in order to be given effect.

Accordingly, Defendants fail to show that the MTGA has waived its sovereign immunity so as to require the deponent to respond to the Subpoena.

**6. Defendants Have Not Sought Injunctive Relief Against The MTGA.**

Defendants contend that they are requesting, "in essence, equitable relief in the nature of an order compelling Mr. Sabo to appear at a deposition and to produce documents." *Defendants' Memo at 7.* Defendants cite Bassett v. Mashantucket Pequot Museum and Research, 221 F.Supp. 271 (U.S.D.C. D.Conn. 2002) for this proposition. While Bassett does deny a motion to dismiss claims for injunctive relief against tribal representatives under the doctrine of *Ex parte* Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that has no bearing on the case before this Court inasmuch as Defendants have not brought an action for injunctive relief against the MTGA or its representatives. Steven Sabo is not a party to these proceedings, and Defendants make no showing that injunctive relief has been requested by any

***Rome McGuigan Sabanosh, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

party. Therefore, the *Ex parte* Young analysis does not apply to these circumstances.

**7. Conclusion.**

Defendants essentially concede that, absent a clear, unequivocal waiver, tribal sovereignty bars enforcement of the Subpoena; and they fail to show any foundation for a determination that the MTGA has granted such a waiver. Accordingly, the Court must deny Defendants' Motion to Compel and find instead that the Subpoena may not be enforced.

THE MOHEGAN TRIBAL GAMING AUTHORITY d/b/a MOHEGAN SUN
On behalf of STEVEN SABO, DIRECTOR OF BUS MARKETING

By: ____________________
Andrew Houlding, Esq.
Federal Bar No. CT12137
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103
Tel.: (860) 549-1000
Fax: (860) 724-3921
E-mail: ahoulding@rms-law.com

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing Objection and Memorandum of Law was sent via first class mail, postage prepaid, on this 8th day of March 2004 to all counsel of record as follows:

Attorney Melinda A. Powell
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Frank J. Szilagyi, Esq.
Attorney Josephine A. Spinella
Silvester & Daly
72 Russ Street
Hartford, CT 06106

Andrew Houlding

6154-165/372467

***Rome McGuigan Sabanosh, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# United States District Court

DISTRICT OF Connecticut

Merry Charters, LLC

V.

Town of Stonington,
and Stonington Planning & Zoning Commission

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:02 CV336 (MRK)

RECEIVED
JAN 12 2004
BY:..................

TO: Steven Sabo
Director of Bus Marketing
Mohegan Sun Casino
Uncasville, CT

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Stonington Town Hall, 152 Elm Street, Stonington, CT | 1/14/04 at 2:30 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Melinda A Powell - Attorney for Defendants | 1/2/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Melinda A. Powell; Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114; (860) 249-1361

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MERRY CHARTERS, LLC
Plaintiff(s), Petitioner(s)

*against*

TOWN OF STONINGTON AND STONINGTON PLANNING & ZONING COMMISSION
Defendant(s), Respondent(s)

**CLIENT: Melinda A. Powell, Esquire**
**INDEX NO.: 3:02 CV 336 (MRK)**
**RETURN DATE: 1/14/2004**

# RETURN OF SERVICE

STATE OF CONNECTICUT: COUNTY OF HARTFORD

I, Michele Avery, attest and say, that I am not a party to this action. I am over 18 years of age and reside in Bolton, CT.

By and at the direction of the attorney, on **January 7, 2004 at 12:40 PM** at **Director Bus Marketing, Mohegan Sun Casino, Uncasville, CT**, I served the within **Subpoena In A Civil Case** upon **Steven Sabo**, (Defendant/Witness) herein known as Recipient.

Said service was effected in the following manner:

I made due and legal service of the within **Subpoena In A Civil Case** by delivering thereat a true and attested copy *of each* to **Steven Sabo**, personally; at the same time paying (or tendering) in advance **$43.00, (Forty-Three Dollars and Zero Cents)**, the authorized traveling expenses and one day's witness fee:

I knew said person so served to be the person mentioned and described as said recipient therein because they identified themselves as such.

I describe the individual served to the best of my ability at the time and circumstances of service as follows:

Sex: **Male** Skin: **White** Hair: **Black** Age(Approx): **36-50** Height(Approx): **5'9" - 6'** Weight(Approx): **161-200 lbs**
Other: **Glasses**

ATTEST:

[signature]
Michele Avery, Private Process Server

Service $65.00
Witness Fees $43.00
Total Fees: $108.00

**CONNECTICUT PROCESS SERVING, LLC**
**9 Beaumont Street**
**East Hartford, CT, 06108-1533**
**(860) 528-2920 , (860) 528-2720 Fax**
**lglprocess@aol.com http://www.legalprocess.com**