UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MERRY CHARTERS, LLC and<br>CARL SHILLO | : <br> : <br> : | NO.: 3:02CV336 (MRK) |
| v. | : <br> : | |
| TOWN OF STONINGTON, STONINGTON<br>PLANNING & ZONING COMMISSION,<br>ZONING BOARD OF APPEALS OF THE<br>TOWN OF STONINGTON, EDWARD T.<br>SULLIVAN and GEORGE THAYER | : <br> : <br> : <br> : <br> : | <br><br><br><br>MAY 26, 2004 |

## REPLY TO PLAINTIFFS' OPPOSITION

This Reply addresses plaintiff's arguments in opposition to defendants' motion for summary judgment on the issues of: (1) equal protection; (2) statute of limitations and (3) governmental immunity.

1. **Equal Protection**

Plaintiff has still failed to produce any admissible evidence that he was treated differently from similarly situated applicants, or that the defendants acted with malice or their decisions were wholly arbitrary. Plaintiffs' 56(a)2 statement is replete with oversimplifications, generalizations and misstatements about what the witnesses actually testified to. Defendants have specifically addressed these flaws in their Reply to plaintiffs' 56(a)2 statement, with explanation and where necessary, have attached additional documentation supporting the explanation. Plaintiffs' 56(a)2 statement,

when the citations to the record are checked, does not support his "version" of the facts, and therefore, does not really create an issue of material fact.

In addition, Plaintiff's opposition does not address many of the salient distinctions between his business and the other operations discussed in defendants' memorandum.  Plaintiff's equal protection argument, on pages 17-20, completely ignores, but does not dispute, the stipulation on an approximately 20 year old prior approval that the subject dock could not be used without Zoning Commission approval.  See Defendants' Exhibit C, p. 233, ln. 5-15 and Exhibit F, attached to their Memorandum of Law.  This undisputed fact shows why the plaintiff's operation needed a permit, whereas the Argia did not need a permit.  The Argia had been deemed a prior non-conforming use, based upon a documented history and prior decision by Mr. Larkin, in conjunction with the Town attorney.  Id.; See also Larkin Transcript p. 231, ln. 13-23, attached hereto as **Exhibit GGG**; **Exhibit EEE**, Certificate of Zoning Compliance.   Also attached hereto as **Exhibit FFF**, is the letter concerning the history of non-conformity about which Larkin testified, from 1993, which arose as a result of a zoning dispute as to whether that person needed a permit.  According to the letter, Mr. Larkin had initially determined that a permit was necessary, but after consultation with the Town Attorney, found that the operation was a pre-existing non-conforming use.  Thus, the Argia was not "similarly situated.

Defendants' argued in their Memorandum why the Mystic River Queen is not similarly situated to plaintiffs' application before the Commission.  In addition, there is also no indication that when Mr. Donnelly suggested the standard for restaurants be used to the Commission, he was aware that the ZBA had, 10 years prior, with different staff, thought that the standard for retail establishments was appropriate.  There is no evidence that the Commission, with knowledge, applied a different standard than it had in the past.  Simple negligence does not support constitutional tort liability.  See, e.g, Daniels v. Williams, 474 U.S. 327 (1986).  In addition, as plaintiff argues in his 56(a)2 statement, the two boards are independent.  Therefore, it would follow that one interpretation by one body should have no bearing on the other's interpretation.

Defendants' have moved to strike plaintiff's "evidence" regarding Anthony J's.  However, even reviewing plaintiff's exhibit 10, it is apparent it does not establish that the Commission has ever approved a special use permit or granted relief to Anthony J's under Section 7.10.2.  Anthony J's is neither similarly situated because the purported parking is directly adjacent to the restaurant, not 1200 feet away, as proposed by the plaintiff.  Thus, if the Court chooses to consider the exhibit, plaintiff still has not met his burden.  Defendants have researched Anthony J's and found that it was deemed a prior conforming use by a prior zoning enforcement officer.  See **Exhibit DDD**.  A permit was originally granted in 1977 under different regulations for a restaurant which required only two on-site parking spaces.  Id.  That restaurant had

represented it had much more parking, a total of seven on-site spaces and also represented five available adjacent on street spaces. While it also had permission to use the Valenti Chevrolet and St. Patrick's Church parking (Monday – Saturday in the morning), that additional parking was not necessary. Anthony J's is not similarly situated in all relevant respects.

Another weakness in plaintiff's opposition is that he fails to separate the claims made against each of the defendants, and instead lumps them all together. When scrutinized, it is apparent that the plaintiff has no evidence or even argument that the ZBA treated him differently when it decided his request for a variance. There is also no evidence that Mr. Sullivan, the ZBA Chairman, did anything other than vote against the variance. He has not argued any different treatment from any other variance application. Also, plaintiff's claim against the ZBA and Mr. Sullivan is based upon the variance denial. As a matter of law, Mr. Sullivan could not have acted alone in denying the variance. A two-thirds vote is required to grant a variance. Therefore, Sullivan is entitled to summary judgment on the individual capacity claim.

Plaintiff's sole claim against Mr. Thayer is that he signed the memo to the ZBA as chairman of the Commission. Even assuming this was the only memo sent, it is of little relevance until the plaintiff can show that this was the only memo sent <u>in similar circumstances</u>, i.e. where an application has been denied and is in litigation, and the plaintiff then attempts to get the same relief from a different Town board. Plaintiff also

claims Mr. Thayer sent the memo to "get the stories straight", but when reviewing the entire testimony concerning the memo, the claim is refuted. Thayer's deposition was never completed so that defense counsel had an opportunity to cross-examine or clarify what he meant by that statement. The memo was not a posthoc attempt to justify the Commission and ZBA decisions, and does not contradict any prior justifications. Nonetheless, plaintiff has failed to meet his burden of showing even an inference of a direct personal animosity by Mr. Thayer against the plaintiff.

As to absolute immunity, plaintiff cites a footnote from a decision by Magistrate Judge Fitzsimmons in Murphy v. Zoning Commission of the Town of Milford, which cites a Connecticut state court decision on whether acting on a special permit is administrative. [1] Judge Fitzsimmons did not discuss absolute immunity. In addition, in §1983 cases, and on issues of federal immunity, federal law, not state law, applies. Martinez v. California, 444 U.S. 277, 284 n. 8 (1980).

Plaintiff has failed to put forth any evidence beyond speculation and his subjective beliefs of being treated unfairly. No constitutional violations have been shown. Plaintiff has failed to meet his "very significant burden" of a class of one plaintiff. Bell v. Duperrault, CV 03-3829 (7th Cir. 2004)(May 12, 2004)(citing Discovery House, Inc. v. Consolidated City of Indianapolis, 319 F. 3d 277, 282-83 (7th Cir. 2003).

---

[1] However, acting on a variance is quasi-judicial under state law. Wadell v. Board of Zoning Appeals, 136 Conn. 1, 8-10 (1949).

5

The plaintiff must "eliminate any reasonably conceivable state of facts that could provide a rational basis for the [decision]." Id.  So too, just like the plaintiff in Bell, has the plaintiff also failed to produce enough evidence to show a "deep-seated animosity" or wholly arbitrary action required to support an equal protection claim.

**2.  Statute of Limitations and Governmental Immunity**

Plaintiff clarifies in his opposition that his claim of negligent infliction of emotional distress is upon the memo he sent to Mr. Sullivan.  To this extent, the defendants agree the statute of limitations has not passed.  However, this also negates plaintiff's argument that the "good faith exception" under C.G.S. 52-557n(c) precludes summary judgment, as plaintiff's claim is no longer based upon a denial of a permit.  General principles of governmental immunity under 52-557n would then apply.  The case cited by the plaintiff was a decision on a Motion to Strike.  The regulations at issue are not apparent from the decision.  It is therefore of little assistance.  It also appears to be against the weight of authority cited in Defendants' memorandum.

For all these reasons, defendants are entitled to summary judgment.

        DEFENDANTS,
        TOWN OF STONINGTON,
        STONINGTON PLANNING & ZONING
        COMMISSION, TOWN OF STONINGTON
        ZONING BOARD OF APPEALS,
        EDWARD SULLIVAN and
        GEORGE THAYER


By_____
  Melinda A. Powell
  ct17049
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  860 249-1361
  (860) 249-7665 (Fax)
  mpowell@hl-law.com

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 26th day of May, 2004.

Frank J. Szilagyi, Esquire
Josephine A. Spinella, Esquire
Silvester & Daly
72 Russ Street
Hartford, CT  06106

                                               _____
                                               Melinda A. Powell