UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MERRY CHARTERS, LLC and<br>CARL SHILLO | : | NO.: 3:02CV336 (MRK) |
| v. | : | |
| TOWN OF STONINGTON, STONINGTON<br>PLANNING & ZONING COMMISSION,<br>ZONING BOARD OF APPEALS OF THE<br>TOWN OF STONINGTON, EDWARD T.<br>SULLIVAN and GEORGE THAYER | : | MAY 26, 2004 |

**MOTION TO STRIKE PLAINTIFFS' EXHIBIT**

Pursuant to Fed. R. Civ. P. 56, the defendants' move to strike Plaintiffs' Exhibit 10 because it is inadmissible hearsay, has not been properly authenticated and is not what the plaintiff, in his opposition papers, purports it to be. Defendants also move that the portions of the opposition brief relying on the exhibit be stricken.

**I. Background**

In plaintiff's opposition brief, page 17, reference is made to Exhibit 10, which plaintiff misrepresents as "Commission notes." Exhibit 10 is 2 pages of a several page exhibit, that was disclosed by the plaintiff to the defendants, and about which the defendants questioned him at his October 10, 2003 deposition. Plaintiff knows Exhibit 10 is not Commission notes, as he testified at his deposition that the document was

prepared by a member of the public named Kirkpatrick.  See attached, **Exhibit A**, Deposition Transcript of Carl Shillo, 10/10/03, pg. 75, ln. 12 – pg. 76 ln. 7.  The notation in the upper left hand corner of the document refers to the 2001 special use permit applied for (and withdrawn) by Trader Jack's, which the defendants discussed in their memorandum.

**II. Legal Standards**

Documents supporting a motion or response to summary judgment "must be authenticated by and attached to an affidavit that meets the requirements of Fed.R. Civ. P. 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987)(quoting 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2722 at 58-60 (2d ed. 1983) (internal citations omitted)). A document is properly authenticated by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). A party may use deposition testimony in lieu of an affidavit to authenticate a document because "there is no reason to believe that sworn deposition answers are less reliable than affidavits to the extent that the content is admissible." 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 56.14 (2003).

Under Federal Rule of Evidence 802, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to

statutory authority or by Act of Congress." Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Rule 801 identifies certain statements that do not constitute hearsay, and Rules 803 and 804 list several exceptions to the hearsay rule.

Exhibit 10 should be stricken under these standards. Plaintiff's affidavit does not authenticate the exhibit. Plaintiff cites this exhibit as evidence that he has not been similarly treated, and specifically claims that Anthony J's restaurant has been allowed to use on-street parking toward the parking requirements. Plaintiff tries to use this document as evidence of other action taken by the Commission on other applications. The third page of the exhibit, which plaintiff omitted, shows that Mr. Kirkpatrick may have obtained information about Anthony J's from a conversation with an unknown person. (See attached, **Exhibit B**, "Verbal Parking Information.") The document contains multiple levels of hearsay and there is no evidence it is reliable.

While defendants do not dispute the information contained in the exhibit as to the S&P Oyster House's 1994 approval and Trader Jack's 1993 approval. It does dispute that the Commission had granted similar relief to Anthony J's. The exhibit itself has no indication that Anthony J's ever applied to the Commission for a permit (or to the ZBA for a variance) or for relief under 7.10.2. Defendants have researched the

3

issue and found the information is inaccurate.  See Affidavit of Joe Larkin, attached to

Defendants' Reply to Plaintiffs' Local Rule 56(a)2 Statement.

### III. Conclusion

       For the foregoing reasons, plaintiffs' Exhibit 10 should be stricken.

                                       DEFENDANTS,
                                       TOWN OF STONINGTON,
                                       STONINGTON PLANNING & ZONING
                                       COMMISSION, TOWN OF STONINGTON
                                       ZONING BOARD OF APPEALS,
                                       EDWARD SULLIVAN and
                                       GEORGE THAYER


                                       By_____
                                         Melinda A. Powell
                                         ct17049
                                         Howd & Ludorf
                                         65 Wethersfield Avenue
                                         Hartford, CT  06114
                                         860 249-1361
                                         (860) 249-7665 (Fax)
                                         mpowell@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 26th day of May, 2004.

Frank J. Szilagyi, Esquire
Josephine A. Spinella, Esquire
Silvester & Daly
72 Russ Street
Hartford, CT  06106

                                                                                                _____
                                                                                                Melinda A. Powell