UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MERRY CHARTERS, LLC and CARL SHILLO | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:02CV336(MRK) |
| v. | : | |
| | : | |
| TOWN OF STONINGTON, STONINGTON | : | |
| PLANNING & ZONING COMMISSION, | : | |
| ZONING BOARD OF APPEALS OF THE | : | |
| TOWN OF STONINGTON, EDWARD T. | : | |
| SULLIVAN and GEORGE THAYER | : | |
| Defendants | : | JUNE 16, 2004 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION
TO STRIKE PLAINTIFFS' EXHIBIT**

The Plaintiffs', Merry Charters, LLC and Carl Shillo, hereby submit this Objection to the Defendants' Motion to Strike Plaintiffs' Exhibit, dated May 26, 2004. In their Motion to Strike, the Defendants argue that the court should strike Exhibit 10 because it is inadmissible. Specifically, the Defendants argue that Exhibit 10 is hearsay and is not properly authenticated. In response, the Plaintiffs assert that Exhibit 10 is admissible under the public records exception to the hearsay rule. The Plaintiffs also assert that the documents are properly authenticated. The Plaintiffs, therefore, submit that the court should deny the Defendants' Motion to Strike.

I.  **FACTS**

The Defendants, Town of Stonington, Stonington Planning & Zoning Commission, Zoning Board of Appeals of the Town of Stonington, Edward T. Sullivan and George Thayer, submitted a Motion for Summary Judgment, dated April 1, 2004. The Plaintiffs filed an Opposition to the Motion for Summary Judgment, dated May 5, 2004. In addition to their Opposition, the Plaintiffs simultaneously filed a Local Rule 56 (a) (2) Statement of Facts. Attached to the Plaintiffs' Local Rule 56 (a) (2) Statement is Exhibit 10, which the Plaintiffs designated as "Commission's Notes regarding application of Trader Jack's, PZ0113SUP." See Plt. Opposition, pg. 17. Exhibit 10 is comprised of two (2) pages, a document entitled "Parking (Map)" and a hand-written map.

In response to the Plaintiffs' Opposition, the Defendants filed a Reply brief and a Motion to Strike. In the Motion to Strike, the Defendants argue that the Plaintiffs improperly identified Exhibit 10. In support of this proposition, the Defendants point out that in his deposition, Shillo identified the documents comprising Exhibit 10 as documents he received from Mr. Kirkpatrick.

The Plaintiffs submit that the documents in Exhibit 10 were provided to Shillo by Mr. Kirkpatrick. The documents were also submitted by Mr. Kirkpatrick and his

daughter, Marilyn Green, to the Planning and Zoning Commission [hereinafter "Commission"] on May 8, 2001, in regards to Trader Jack's special use application. The Commission labeled the documents as "Exhibit 12" and filed the documents as part of Trader Jack's application, PZ0113SUP.

In addition to the aforementioned arguments, the Defendants also argue that the Plaintiffs submitted incomplete documents and failed to submit all of the documents that comprise Exhibit 12 of Trader Jack's zoning application file. The Plaintiffs now move to amend Exhibit 10 of their Local Rule 56 (a) (2) Statement so that it includes the index of the documents in Trader Jack's zoning application file and all of the documents contained in Exhibit 12 of Trader Jack's zoning application file.

**II.     LAW AND ARGUMENT**

    **A.     Standard of Review**

"The principles of admissibility of evidence do not change on a motion for summary judgment . . . . Accordingly, a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay, conclusory statements, are incomplete, or have not been properly authenticated." (Citations omitted.) Barlow v. State of Connecticut, United States District Court,

D.Conn., No. 3:00-CV-1983 (EBB)(May 5, 2004 *Burns, J*)(Attached hereto).  The "party seeking to strike public records has the burden to establish lack of trustworthiness."  Id.

**B.    The documents are admissible under the public records exception to the hearsay rule**

The Defendants argue that the documents in Exhibit 10 are inadmissible because they are hearsay.  Federal Rule of Evidence 801 (c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered  in evidence to prove the truth of the matter asserted."  F.R.E. 801 (c).  Federal Rule of Evidence 802 provides in relevant part: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  F.R.E. 802.

Federal Rule of Evidence 803 contains numerous exceptions to the hearsay rule, even where the declarant is available.  Rule 803 (8) specifically provides that public records and reports are exceptions to the hearsay rule and are admissible.  Rule 803 (8) states that "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or (C) in civil actions and proceedings . . . factual findings resulting from an investigation."  F.R.E. 803.

4

Pursuant to Connecticut General Statutes § 8-19, "the [planning and zoning] commission shall elect a chairman and a secretary from its members, shall adopt rules for the transaction of business and shall keep a public record of its activities."  General Statutes § 8-19. Additionally, Connecticut's Freedom of Information Act provides that "all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records."  General Statutes § 1-210.

In this instance, the Commission has a statutory duty under Connecticut General Statutes § 8-19 to maintain public records regarding its activities, including their activities regarding Trader Jack's application.  The documents submitted to the Commission by Mr. Kirkpatrick were maintained as part of the Commission's file on Trader Jack's application.  See Exhibit 1, Supplemental Affidavit of Carl Shillo.  Indeed, the Commission itself designated the documents as "Exhibit 12" of Trader Jack's application.  The documents also bear the Commission's date stamp, indicating that the Commission received the documents on May 8, 2001.  See Exhibit 2, Documents stamped May 8, 2001.  These documents are in fact part of the public record maintained by the Commission and which setforth activities of the Commission and matters observed by the Commission pursuant to duty imposed by law.

Moreover, even if the Commission did not have the statutory duty to keep or retain the records, the documents are still public records under General Statutes § 1-210. Additionally, the Defendants fail to demonstrate that the documents are untrustworthy or unreliable as required under Barlow. Therefore, the documents that the Plaintiffs' designated as Exhibit 10 in their Opposition are admissible under the public records exception to the hearsay rule.

### C. The documents are properly authenticated

The Defendants further assert that the documents in Plaintiffs' Exhibit 10 are not properly authenticated. The Plaintiffs concede that "[t]he documents submitted in opposition to a summary judgment motion must be properly authenticated in order to be considered by the court at summary judgment stage." Barlow, No. 3:00-CV-1983 (EBB)(May 5, 2004 *Burns, J*). The Second Circuit, however, has held that "when the evidence offered in opposition to [a motion . . . for summary judgment] is defective in form but is sufficient to apprise the court that there is important and relevant information that could be proffered to defeat the motion, summary judgment ought not to be entered." (Brackets in original; internal quotation marks omitted.) Galindez v. Miller, 285 F. Sup. 2d 190, 196-97 (D. Conn. September 30, 2003).

Federal Rule of Evidence 901 (b) (7) provides that public records are authenticated when there is "evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."  F.R.E. 901.

The documents are authenticated in that they are public records that were maintained in the Commission's office.  The documents were stamped by the Commission and are maintained in the office at the Town Hall in Trader Jack's zoning application file.  See Exhibits 1 and 2.  As Shillo avers, he requested the documents from the Commission's office and was given an opportunity to photocopy the documents from Trader Jack's public file.  Therefore, the documents are authenticated and properly before the court in support of the Plaintiffs' Opposition to Motion for Summary Judgment.

    **D.**    **The Defendants misstate the Plaintiffs' argument regarding the content of the documents**

The Defendants dispute the information contained in the documents.  They argue that the documents do not indicate that Anthony J's ever applied to the Commission for a permit, a variance or some other relied under Regulation 7.10.2.  The Defendants, however, misstate the Plaintiffs' argument regarding these documents.  The Plaintiffs

cite to the documents as support for their position that Anthony J's has no on-site parking. See Plt. Opposition, pg. 17. The Plaintiffs do not seek to introduce the documents as evidence that Anthony J's was granted relief under the regulations or that it submitted any type of application to the Commission or the Zoning Board of Appeals.

### III.   **CONCLUSION**

The Plaintiffs, Merry Charters, LLC and Carl Shillo, hereby request that the court deny the Defendants' Motion to Strike Plaintiffs' Exhibit 10.

THE PLAINTIFFS,
MERRY CHARTERS and CARL SHILLO


By:_____
JOSEPHINE A. SPINELLA
Silvester & Daly
72 Russ Street
Hartford, CT 06106
Tel. (860) 278-2650
Federal Bar No. CT24009

## **CERTIFICATION**

      I, Josephine A. Spinella, attorney for the Plaintiffs, hereby certify that a copy of the foregoing has been mailed, via certified mail, return receipt requested, in the United States Mail, this 16th day of June, 2004 to:

Melinda A. Powell, Esq.  
Howd & Ludorf  
65 Wethersfield Avenue  
Hartford, CT 06114

                                           By:_____  
                                                JOSEPHINE A. SPINELLA  
                                                Silvester & Daly

shillo-merry/obj to MTS.060204