UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MERRY CHARTERS, LLC and<br>CARL SHILLO | : <br>:<br>: | NO.: 3:02CV336 (MRK) |
| v. | :<br>: | |
| TOWN OF STONINGTON, STONINGTON<br>PLANNING & ZONING COMMISSION,<br>ZONING BOARD OF APPEALS OF THE<br>TOWN OF STONINGTON, EDWARD T.<br>SULLIVAN and GEORGE THAYER | :<br>:<br>:<br>:<br>: | <br><br><br><br>AUGUST 4, 2004 |

## DEFENDANTS' SUPPLEMENTAL CASE AUTHORITY

At oral argument on July 29, 2004, the Court inquired as to whether Connecticut state courts have addressed the issue of whether a planning commission's action on a special use permit application is discretionary, and requested that the parties to research the issue and submit a response to the Court.

Defendants have found that the Connecticut Supreme Court, in Irwin v. Planning and Zoning Commission, 244 Conn. 619, 626-28 (1998) stated that such action is discretionary. The Connecticut Supreme Court explained:

> We previously have recognized that the special permit process is, in fact, discretionary. In *Whisper Wind* Page 627 *Development Corp.* v. *Planning & Zoning Commission*, 229 Conn. 176, 177, 640 A.2d 100 (1994), we concluded that general considerations such as public health, safety and welfare, which are enumerated in zoning regulations, may be the basis for the denial of a special permit. Also, we have stated that "before the

zoning commission can determine whether the specially permitted use is compatible with the uses permitted as of right in the particular zoning district, it is required to judge whether any concerns, such as parking or traffic congestion, would adversely impact the surrounding neighborhood." *Barberino Realty & Development Corp.* v. *Planning & Zoning Commission*, 222 Conn. 607, 613, 610 A.2d 1205 (1992). The Appellate Court has acknowledged that "Connecticut courts have *never* held that a zoning commission lacks the ability to exercise discretion to determine whether the general standards in the regulations have been met in the special permit process. . . . If the special permit process were purely ministerial there would be no need to mandate a public hearing." (Emphasis added.) *Connecticut Health Facilities, Inc.* v. *Zoning Board of Appeals*, 29 Conn. App. 1, 6-7, 613 A.2d 1358 (1992); see also T. Tondro, Connecticut Land Use Regulation (2d Ed. 1996 Sup.) p. 64. "When ruling upon an application for a special permit, a planning and zoning board acts in an administrative capacity. *A.P. & W. Holding Corporation* v. *Planning & Zoning Board*, 167 Conn. 182, 184-85, 355 A.2d 91 (1974); *Farina* v. *Zoning Board of Appeals*, 157 Conn. 420, 422, 254 A.2d 492 (1969). Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The [Appellate Court and] trial court had to decide whether the board correctly interpreted the section [of the regulations] and Page 628 applied it with reasonable discretion to the facts. *Pascale* v. *Board of Zoning Appeals*, 150 Conn. 113, 116, 117, 186 A.2d 377 [1962]; *Stern* v. *Board of Zoning Appeals*, 140 Conn. 241, 244, 99 A.2d 130 [1953]. In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals*, 150 Conn. 439, 442, 190 A.2d 594 [1963]. *Schwartz* v. *Planning & Zoning Commission*, 208 Conn. 146, 152, 543 A.2d 1339 (1988)." (Internal quotation marks omitted.) *Double I Ltd. Partnership* v. *Plan & Zoning Commission*, 218 Conn. 65, 72, 588 A.2d 624 (1991). The plaintiff argues that "the Commission has no independent discretion to deny a plan which satisfies the standards contained in the special permit regulations." Although it is true that the zoning commission does not have discretion to deny a special permit when the proposal meets the

2

standards, it does have discretion to determine *whether* the proposal meets the standards set forth in the regulations. If, during the exercise of its discretion, the zoning commission decides that all of the standards enumerated in the special permit regulations are met, then it can no longer deny the application. The converse is, however, equally true. Thus, the zoning commission can exercise its discretion during the review of the proposed special exception, as it applies the regulations to the specific application before it.

Thus, as the Stonington Planning and Zoning Commission had liberal discretion, the plaintiff in this case had no clear entitlement to a special use permit. It follows, therefore, that plaintiff's substantive due process claim must fail as a matter of law.

        DEFENDANTS,
        TOWN OF STONINGTON,
        STONINGTON PLANNING & ZONING
        COMMISSION, TOWN OF STONINGTON
        ZONING BOARD OF APPEALS,
        EDWARD SULLIVAN and
        GEORGE THAYER

        By_____
          Melinda A. Powell
          ct17049
          Howd & Ludorf
          65 Wethersfield Avenue
          Hartford, CT  06114
          860 249-1361
          (860) 249-7665 (Fax)
          mpowell@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via fax and U.S. Mail to the following counsel of record this 5th day of August, 2004.

Frank J. Szilagyi, Esquire
Josphine A. Spinella, Esquire
Silvester & Daly
72 Russ Street
Hartford, CT  06106

_____
Melinda A. Powell