UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MERRY CHARTERS, LLC and<br>CARL SHILLO, | : <br>: <br>: | |
| Plaintiffs, | : <br>: | NO. 3:02CV336 (MRK) |
| v. | : <br>: | |
| TOWN OF STONINGTON, et al., | : <br>: | |
| Defendants. | : | |

**RULING AND ORDER**

Currently pending before the Court is Defendants' Bill of Costs [doc. # 78] and the Plaintiffs' Objection to Bill of Costs [doc. # 79]. Defendants seek costs of $2,756.80 based upon this Court's ruling granting their Motion for Summary Judgment [doc. # 76]. *See Merry Charters LLC v. Town of Stonington*, 342 F. Supp. 2d 69 (D. Conn. 2004).

Plaintiffs are Merry Charters, LLC and Carl Shillo, the owner and sole member of Merry Charters. In Counts One through Four of the Second Amended Complaint [doc. # 35], Merry Charters alleged that Defendants had violated its rights under the United States Constitution in denying Merry Charters' applications for special use permits and for a variance. In Counts Five and Six, Mr. Shillo asserted state law emotional distress claims against Defendants arising from the identical events – namely, Defendants' alleged improper denial of Merry Charters' applications. In its summary judgment ruling, the Court granted judgment to Defendants on Merry Charters' constitutional claims, concluding that those claims failed as a matter of law. *Id.*

at 80. The Court declined to exercise supplemental jurisdiction over Mr. Shillo's state tort claims under 28 U.S.C. § 1367(c)(3), and therefore, the Court entered judgment for Defendants dismissing Counts Four and Five without prejudice to Mr. Shillo's right to pursue those claims in state court. *Id.* at 81.

Plaintiffs do not contest the amount of costs sought by Defendants. Instead, Plaintiffs object to the Bill of Costs only insofar as it seeks to tax costs on both Merry Charters and Mr. Shillo. According to Plaintiffs, the Court declined to rule on Mr. Shillo's state tort law claims and therefore, "Defendants are not the prevailing party on Carl Shillo's claims against them." Objection to Bill of Costs [doc. # 79] at 1-2. The Court disagrees.

Under Rule 54(d)(1) of the *Federal Rules of Civil Procedure*, "costs other than attorneys' fees shall be allowed as of course to the *prevailing party* unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1) (emphasis added). As Plaintiffs implicitly concede, defendants are without question the prevailing party on Merry Charters' federal constitutional claims. Defendants are also the prevailing parties on Mr. Shillo's derivative state tort claims because the Court entered a judgment dismissing those claims, albeit on jurisdictional grounds. *See, e.,g., Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) ("The fact that the district court declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims does not impair the fact that, as far as the federal case is concerned, defendants prevailed"); *Bond v. Sterling, Inc.,* 2000 WL 152031, at * 1 (N.D.N.Y. 2000) (defendants were prevailing parties where court granted summary judgment on federal claims and declined to exercise supplemental jurisdiction over state law claims). As a leading treatise on federal procedure explains, "[A] dismissal of the action, whether on the merits or not, generally means

that defendant is the prevailing party."   10 Charles A. Wright & Arthur R. Miller, *Federal Practice & Proc.* § 2667, 209-10 (1998).

Accordingly, the Court rejects Plaintiffs' argument that Defendants were not prevailing parties on Mr. Shillo's state law claims.   Having disposed of the sole ground on which Plaintiffs' Objection was based, the Court exercises its discretion to award costs in favor of Defendants in the amount of $2,756.80 against both Plaintiffs – Merry Charters and Mr. Shillo.   Therefore, the Court GRANTS Defendants' Bill of Costs [doc. # 78] in its entirety and DENIES Plaintiffs' Objection to Bill of Costs [doc. #79].   **The Clerk is hereby directed to tax costs in the amount of $2,756.80 in favor or Defendants against both Merry Charters LLC and Carl Shillo**.

IT IS SO ORDERED,


/s/      Mark R. Kravitz     
United States District Judge

Dated at New Haven, Connecticut: **August 26, 2005**